UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAY T. MOHLER-AVERY,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :　　Case No. 3:16cv2040(MPS) |
| JOHN DOE 1-4, ET AL.,<br>　　Defendants. | :<br>:<br>: |

**ORDER**

The plaintiff, Jay T. Mohler-Avery, was incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut when he filed this civil rights action against Correctional Officers John Doe, Unit Manager Jane Doe and Warden Erfe. On February 27, 2017, the Clerk entered a suggestion of death upon the record indicating that an employee from the Department of Correction Inmate Accounts Office had notified the Court on February 24, 2017, that the plaintiff was deceased. *See* ECF No. 8. On March 1, 2017, the Clerk mailed a copy of the Suggestion of Death to the plaintiff at his address on file with the Court and to the only defendant identified by name, Warden Scott Erfe at Cheshire Correctional Institution. *See* Docket Entry, Staff Notes – Dated March 1, 2017.

On May 17, 2017, the Court dismissed the Eighth and Fourteenth Amendment claims, the Fourth Amendment cell search claim, the Americans with Disabilities Act claims and the claims under Article I, section 9 of the Connecticut Constitution pursuant to 28 U.S.C. § 1915A(b)(1), dismissed the claim under Article I, section 20 the Connecticut Constitution without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed all claims for monetary damages against the

defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2).  Thus, all claims against Correctional Officers John Doe 1-4 and Warden Erfe have been dismissed.  The Court concluded that the Fourth Amendment unreasonable search and privacy claim and the unreasonable search claim under Article I, section 7 of the Connecticut Constitution would proceed against Unit Manager Jane Doe in her individual capacity.

Rule 25(a), Fed. R. Civ. P., provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. . . . If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  There is no requirement that the statement of fact of death of a party be filed by a party or the formal or appointed representative of the decedent's estate or that the statement identify the successor or legal representative of the decedent.  *See Uincorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998).

To date, no motion for substitution of plaintiff has been filed.  Because more than ninety days have passed since the filing of the suggestion of death upon the record, the remaining Fourth Amendment and state law claims set forth in the complaint against defendant Unit Manager Jane Doe are **DISMISSED** pursuant to Rule 25(a), Fed. R. Civ. P.  Thus, all claims against the defendants have been dismissed.  The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED this 5th day of June, 2017, at Hartford, Connecticut.

/s/
Michael P. Shea, U.S.D.J.